IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Marc A. Cornella**, ) | |
| 9 Benham Way ) | Case No. |
| Sparta, NJ 07871, ) | |
| ) | Judge |
| Plaintiff, ) | |
| ) | Magistrate |
| v. ) | |
| ) | |
| **Fisher-Price**, ) | **COMPLAINT FOR** |
| a wholly owned subsidiary of Mattel Inc., ) | **PATENT INFRINGEMENT** |
| 636 Girard Avenue ) | |
| East Aurora, NY 14052, ) | |
| ) | *(Jury Demand Endorsed Hereon)* |
| Defendant. ) | |

NOW COMES the Plaintiff, *Marc A. Cornella*, and for his Complaint against the Defendant hereby alleges and avers as follows:

### THE PARTIES

1. The Plaintiff, Marc A. Cornella, is an individual person residing in New Jersey. The Plaintiff is the inventor of U.S. Patent No. 7,481,490 (the '490) utility patent.

2. The Defendant, Fisher-Price, is a corporation organized under the laws of New York, and is a wholly owned subsidiary of Mattel Inc.

### JURISDICTION AND VENUE

3. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281 et al. This Court has subject matter jurisdiction in this matter pursuant to at least 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises under the patent laws of the United States.

4. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

5. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendant transacts business in this state. The Defendant sells product widely throughout this state through its website, and through various big box retailers and elsewhere.

6. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendant contracts to supply goods in this state. The Defendant sells product widely throughout this state through its website, and through various big box retailers and elsewhere.

7. Notably, the Defendant's website, fisher-price.com, is an active rather than a passive website, meaning, it permits Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V

Plaintiff's Complaint - 2

2 - 2 -

*Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. On January 27, 2009, United States Utility Patent No. 7,481,490, entitled "Foot and Leg Protector for Infant Seat Bouncer" (hereinafter referred to as the '490 patent) duly and legally issued to Marc A. Cornella, as inventor, for the aforementioned invention. <u>(A true and accurate copy of the '490 patent as issued is attached hereto as "Exhibit 1," and is incorporated herein by reference.)</u>

10. The '490 patent teaches an apparatus to protect the feet and legs of infants while sitting and playing in a bouncer seat.

11. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing product that infringes the '490 patent.

12. The Defendant has infringed the Plaintiff's patent by, including but not limited to, making, using, offering for sale, selling, and importing their "Deluxe Bouncer." <u>(See a preliminary infringement analysis with photographs of the Defendant's allegedly infringing product as compared to pertinent claims in the '490 patent attached hereto as "Exhibit 2," and is incorporated herein by reference.) (The Plaintiff reserves the right to amend its infringement contentions per the Local Patent Rules timelines and as discovery progresses.)</u>

13. The Defendant's product infringes at least Claim Nos. 1, 2, 3, 12, 15, 16, and 17 of the '490 patent. (Ex. 2.)

14. The aforementioned activities of patent infringement have injured and threaten future injury to the Plaintiff. More specifically, the Defendant's activities have diminished the Plaintiff's goodwill.

15. The Defendant is not authorized in any way to sell their infringing products or to use the patent owned by the Plaintiff.

16. The Plaintiff is entitled to reasonable royalties from the Defendant for patent infringement.

### CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271; 281-297 et al.)*

17. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

18. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing product that infringe the '490 patent. (Ex. 1 & 2.)

19. The Defendant's conduct is an infringement of the '490 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

20. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

21. The Defendant's infringement may have been deliberate, willful, with full knowledge of the Plaintiff's patent rights, and wanton, and as a result, the Plaintiff may be entitled to treble damages pursuant to 35 U.S.C. § 284, which will be ascertained through discovery.

Plaintiff's Complaint - 4

4 - 4 -

22. This may be an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees for the Plaintiff may be justified, which will be ascertained through discovery.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment in the Plaintiff's favor comprising:

A) A preliminary and permanent injunction enjoining the Defendant from making, using, offering for sale, selling, or importing any product that infringes upon the '490 patent;

B) An accounting for damages resulting from Defendant's patent infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendant's conduct;

C) An assessment of interest on the damages so computed;

D) An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

E) Requiring Defendant to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendant to pay reasonable royalties on all revenue derived by Defendants for selling infringing product.

F) Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

G) Damages according to each cause of action herein; and

H) Prejudgment interest.

## JURY DEMAND

WHEREFORE, the Plaintiff further requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Most Respectfully Submitted,


   /s/ David A. Welling
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934) (lead counsel)**
CHOKEN WELLING LLP
3020 West Market Street
Akron, Ohio 44333
Tel.   (330) 865 – 4949
Fax   (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
MCCARTHY LEBIT, CRYSTAL & LIFFMAN
101 West Prospect Ave., Ste. 1800
Cleveland, Ohio 44115
Tel.   (216) 696 – 1422
Fax   (216) 696 – 1210
jdg@mccarthylebit.com

*Counsel for the Plaintiff*